**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Sara T. Shaw**
Assistant U.S. Attorney
Sara.Shaw2@usdoj.gov
(541) 776-3564
*Reply to Medford Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

FILED'26 OCT 5 14:49USDC-ORM

August 11, 2026

Devin Huseby
24 Newtown St.
Medford, OR 97501

Re: *United States v. Richard Scott Samuels*, Case No. 1:25-cr-00455-MC
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant, having been charged by Indictment, agrees to plead guilty to Count 1 charging possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

3. **Penalties**: The maximum sentence is 40 years' imprisonment, with a mandatory minimum sentence of five years' imprisonment, a fine of $5,000,000, at least four years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

Defendant understands that if defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a controlled substance;

Second, the defendant possessed it with the intent to distribute it to another person; and

Third, the defendant possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (hereafter fentanyl);

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

On or about May 15, 2025, and within the District of Oregon, law enforcement responded to a call for an overdose where Adult Victim 1 (AV1) was pronounced deceased on scene. During the investigation, it was determined that AV1 died of a fentanyl overdose. Investigators determined that Defendant was the source of the fentanyl. On or about September 4, 2025, investigators executed a federal search warrant at defendant's residence and seized 289 grams of fentanyl, a Schedule II controlled substance, digital scales, drug paraphernalia, and drug packaging supplies. Defendant intended to distribute the above-described fentanyl. Defendant possessed a firearm at the residence, which was located near drug paraphernalia and seized fentanyl. Defendant's distribution of fentanyl directly led to the death of AV1.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(6) is a Base Offense Level of 26, prior to adjustments. Defendant agrees a 2-level enhancement applies under USSG § 2D1.1(b)(1) because the offense involved the possession of a firearm.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Early Resolution**: If the defendant agrees to resolve his case prior to the status conference listed in the deadline below, and does not file pretrial motions, the government will agree to recommend a two-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).

10. **Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility as explained above, the USAO will recommend a sentence at the high end of the applicable guideline range after an agreed upon 8-level upward variance, or a sentence of 97 months imprisonment. Defendant is free to argue for any sentence down to the mandatory minimum of 60 months imprisonment.

11. **Variance or Adjustment for Certain "Zero-Point" Offenders**: The parties agree defendant does not qualify for a two-level downward adjustment pursuant to USSG § 4C1.1.

12. **Additional Departures, Adjustments, or Variances**: The parties agree to an 8-level upward variance pursuant to 18 U.S.C § 3553(a)(2)(A) and (B) because a death occurred as a result of the Defendant's actions. Defendant reserves the right to seek a downward departure, adjustment, or variance, down to, but no lower than, the applicable mandatory minimum sentence, from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event

that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 or other forfeiture statute, which defendant admits constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846 as set forth in Count 1 of the Information.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all

constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted by September 8, 2026, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

SARA T. SHAW

Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/8/26
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/8/26
Date

Attorney for Defendant